# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

Case No. 2016-025418-CA-01

MELISSA ANGEL,
and other similarly situated individuals,

    Plaintiff,

vs.

MEXICAN GASTRONOMY INTERNATIONAL, LLC
d/b/a LA VEINTE a Florida Limited Liability Company
and ALBERTO CINTA, individually.

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

TO: MEXICAN GASTRONOMY INTERNATIONAL, LLC, through its Registered Agent:

    Registered Agent Name & Address
    LAMONT NEIMAN & INTERIAN, P.A.
    100 N. Biscayne Blvd, Suite 801
    Miami, FL 331332

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK   OCT 1 3 2016

__MONICA I. VALDES__   DATE
(BY) DEPUTY CLERK

*(handwritten notations in right margin: 10-18, 11/4 S/A, #245, a)*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

Case No. 2016-025418-CA-01

MELISSA ANGEL,
and other similarly situated individuals,

    Plaintiff,

vs.

MEXICAN GASTRONOMY INTERNATIONAL, LLC
d/b/a LA VEINTE a Florida Limited Liability Company
and ALBERTO CINTA, individually.

    Defendant(s).

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, MELISSA ANGEL ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, MEXICAN GASTRONOMY INTERNATIONAL, LLC d/b/a LA VEINTE a Florida Limited Liability Company and ALBERTO CINTA, individually. ("Defendant(s)"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and retaliation discharge pursuant to Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101 ("FWA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, MEXICAN GASTRONOMY INTERNATIONAL, LLC, having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, ALBERTO CINTA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MEXICAN GASTRONOMY INTERNATIONAL, LLC.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2014 to on or about July 11, 2016.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would

be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. During the relevant time period Plaintiff performed approximately twenty (20) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay.

13. Plaintiff was paid thirty one dollars and twenty five cents ($31.25) for hours worked every week.

14. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

15. From on or about **July 2014 to on or about July 11, 2016**, Plaintiff half-time overtime rate is $15.62 [$31.25(hourly rate) (x) 1.5=$46.87 (overtime rate) -$31.25 (hourly rate) =$15.62 (half-time rate)]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty (20) hours of overtime weekly.

16. As such from on or about July 2014 to on or about July 11, 2016, Plaintiff is owed approximately **$31,864.80** [$15.62 (half-time rate) (x) 20 (hours of overtime) (x) 102 weeks in **unliquidated** overtime wages].

17. Therefore, Plaintiff is owed approximately **$31,864.80** in unpaid **unliquidated** overtime wages, plus an additional equal amount as **liquidated** damages, totaling **$63,729.60.**

18. Additionally, throughout Plaintiff's employment, Plaintiff complained about Defendants conducting illegal activity at work.

19. Specifically, Plaintiff complained to the General Manager and Executive Chef Santigo about Defendants having employees working for them without completing the proper Employment Eligibility Verification Form I-9.

20. Plaintiff believed this could be an issue for Defendants and a huge liability on the company during an audit; therefore, she made sure the general manager knew about this situation.

21. Approximately on June 2016, Plaintiff noticed that the new employee hired to work at the Human Resources Department did not completed an Employment Eligibility Verification Form I-9, therefore, Plaintiff informed the general manager that she would not do his payroll until she received an Employment Eligibility Verification Form I-9 for that employee to avoid problems in case of an audit.

22. Thereafter, on or about July 4, 2016, Plaintiff received an email from Human Resources stating Plaintiff would be place on a paid time-off for a week.

23. Subsequently, on or about July 9, 2016, Human Resources contacted Plaintiff and advised her, she could come back to work on or about July 11, 2016.

24. On or about July 11, 2016, Plaintiff was unlawfully terminated by Defendants in retaliation for engaging in the protected activity described above.

## COUNT I
### Wage & Hour Federal Statutory Violation Against MEXICAN GASTRONOMY INTERNATIONAL, LLC

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

27. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

29. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

33. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

35. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against ALBERTO CINTA*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

37. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MEXICAN GASTRONOMY INTERNATIONAL, LLC.

38. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

39. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

40. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Retaliation under the FWA Against MEXICAN GASTRONOMY INTERNATIONAL, LLC

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 9, 19 through 24, of this complaint as if set out in full herein.

42. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

43. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

44. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

45. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

47. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

48. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

49. The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.104.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated    9-29-16                                Respectfully submitted,

                                                _____
                                                Jason S. Remer, Esq.
                                                Florida Bar No.: 165580
                                                jremer@rgpattorneys.com
                                                Brody M. Shulman, Esq.
                                                Fla. Bar No.: 092044

                                                **REMER & GEORGES-PIERRE, PLLC**
                                                44 West Flagler Street, Suite 2200
                                                Miami, FL 33130
                                                Telephone: (305) 416-5000
                                                Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

X I, __Melissa Angel.__, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, X __Mexican Gastronomy Int.__, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

X Sign Name: __Melissa Angel__    X Date: __08/03/16.__

X Print Name: __Melissa Angel__